IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR URIBE,<br><br>    Plaintiff,<br><br>v.<br><br>PHILIP BABIENCO; LUZ F. NARES; WILLIAM J. HILL; GERALD ELLIS,<br><br>    Defendants | No. C 13-1106 WHA (PR)<br><br>**SCHEDULING ORDER** |

    Plaintiff, a California prisoner currently incarcerated at the California Training Facility in Soledad, California ("CTF"), filed this pro se civil rights action in state court. Because the complaint contained a federal claims for the violation of plaintiff's Eighth Amendment rights, defendants Philip Babienco, Luz F. Nares, William J. Hill, and Gerald Ellis timely removed the case to federal court. *See* 28 U.S.C. 1441, 1367. A review of the complaint under 28 U.S.C. 1915A(a) reveals that, when liberally construed, the Eighth Amendment and state law claims are cognizable. Accordingly, it is hereby ordered as follows:

    1. In order to expedite the resolution of this case:

        a. No later than **91 days** from the date this order is filed, defendants shall file a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the

date the summary judgment motion is due.  All papers filed with the court shall be promptly served on the plaintiff.

   b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than **28 days** from the date of service of the motion. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

 If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir.), *cert. denied, Alameida v. Wyatt*, 124 S.Ct 50 (2003).

   c. Defendants **shall** file a reply brief no later than **14 days** after the date of service of the opposition.

   d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

   e. Along with their motion, defendants shall proof that they served plaintiff the applicable warning(s) required by *Woods v. Carey*, No. 09-15548, slip op. 7871 (9th Cir. July 6, 2012) and/or *Stratton v. Buck*, No. 10-35656, slip op. 11477 (9th Cir. Sept. 19, 2012), at the same time they served him with their motion.  Failure to do so will result in the summary dismissal of their motion without prejudice.

 2. Defendants shall file an answer in accordance with the Federal Rules of Civil Procedure.

 3. Communications by the plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

 4. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is

2

1 required before the parties may conduct discovery.

2     5. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court
3 informed of any change of address and must comply with the court's orders in a timely fashion.
4 Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to
5 Federal Rule of Civil Procedure 41(b).

6     IT IS SO ORDERED.

7 Dated: April _____, 2013. 
8     5/1/2013     WILLIAM ALSUP
    UNITED STATES DISTRICT JUDGE

25 G:\PRO-SE\WHA\CR.13\URIBE1106.SCH.wpd

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion to dismiss for failure to exhaust administrative remedies, they are seeking to have your case dismissed. If the motion is granted it will end your case and there will be no trial.

A motion to dismiss for failure to exhaust administrative remedies is similar to a motion for summary judgment in that the court will consider materials beyond the pleadings. You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions. In considering a motion to dismiss for failure to exhaust administrative remedies, the court can decided disputed factual matters with regard to the exhaustion question. Because the court can resolve factual disputes, unlike a summary judgment opposition, it is not enough to merely show a genuine issue of material fact in opposition to the motion to dismiss.