United States District Court
For the Northern District of California

1
2
3
4
5
6
7                          IN THE UNITED STATES DISTRICT COURT

8                        FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   CESAR URIBE,                              No. C 13-1106 WHA (PR)

11              Plaintiff,                     **ORDER GRANTING LEAVE TO**
                                               **FILE AMENDED COMPLAINT;**
12   v.                                        **DENYING MOTION FOR**
                                               **SUMMARY JUDGMENT; OF**
13   PHILIP BABIENCO; LUZ F.                   **SERVICE; RE-SCHEDULING**
     NARES; WILLIAM J. HILL;                   **DISPOSITIVE MOTION**
14   GERALD ELLIS; M. LEW; CHI
     NGUYEN,
15

16              Defendants                     (Dkt. Nos. 9, 10)

17   _____ /

18          Plaintiff, a California prisoner currently incarcerated at the California Training Facility

19   in Soledad, California ("CTF"), filed this pro se civil rights action in state court. Because the

20   complaint contained a federal claims for the violation of plaintiff's Eighth Amendment rights,

21   defendants Philip Babienco, Luz F. Nares, William J. Hill, and Gerald Ellis timely removed the

22   case to federal court. *See* 28 U.S.C. 1441, 1367. A review of the complaint under 28 U.S.C.

23   1915A(a) revealed that, when liberally construed, the Eighth Amendment and state law claims

24   are cognizable. Accordingly, summary judgment motions were scheduled. Pursuant to that

25   schedule, defendants filed a motion for summary judgment on September 30, 2013. Four days

26   earlier, however, plaintiff filed a motion for leave to file an amended complaint in which he

27   supplied the names of two of the "Doe" defendants from the original complaint and added new

28   claims. The two new defendants are two dentists at CTF, M. Lew and Chi Nguyen, who

**United States District Court**
For the Northern District of California

1  allegedly provided plaintiff with inadequate dental care.  When liberally construed, his

2  allegations against them are cognizable.  Consequently, pursuant to Rule 15(a) of the Federal

3  Rules of Civil Procedure, leave to file the amended complaint (dkt. 9) is **GRANTED**.  *See Janicki*

4  *Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994) (Rule 15(a) is to be applied liberally in

5  favor of amendments and, in general, leave shall be freely given).  Because the amended

6  complaint replaces and supercedes the original complaint, defendants' summary judgment

7  motion (dkt. 10) is **DENIED** as moot.  The denial is without prejudice, of course, to filing a new

8  summary judgment according to the schedule set forth below.

9       For the reasons set out above, it is hereby ordered as follows:

10      1.  The clerk shall issue summons and the United States Marshal shall serve, without

11  prepayment of fees, a copy of the amended complaint with all attachments thereto, and a copy

12  of this order upon defendant **M. LEW, D.D.S.**, and **CHI NGUYEN, D.D.S.** at **the**

13  **Correctional Training Facility in Soledad, California**.  A courtesy copy of the amended

14  complaint with attachments and this order shall also be mailed to the California Attorney

15  General's Office.

16      2. Defendants **shall** file an answer that complies with the Federal Rules of Civil

17  Procedure.

18      3.  In order to expedite the resolution of this case:

19          a.  No later than **91 days** from the date this order is filed, defendants shall file a

20  motion for summary judgment or other dispositive motion.  If defendants are of the opinion that

21  this case cannot be resolved by summary judgment, they shall so inform the court prior to the

22  date the summary judgment motion is due.  All papers filed with the court shall be promptly

23  served on the plaintiff.

24          b.  Plaintiff's opposition to the dispositive motion, if any, shall be filed with the

25  court and served upon defendants no later than **28 days** from the date of service of the motion.

26  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to

27  him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and

28  *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

United States District Court

For the Northern District of California

1    If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to

2   exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff

3   should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION),"

4   which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir.),

5   *cert. denied, Alameida v. Wyatt*, 124 S.Ct 50 (2003).

6    c.  Defendants **shall** file a reply brief no later than **14 days** after the date of

7   service of the opposition.

8    d.  The motion shall be deemed submitted as of the date the reply brief is due.

9   No hearing will be held on the motion unless the court so orders at a later date.

10    e.  Along with their motion, defendants shall proof that they served plaintiff the

11   applicable warning(s) required by *Woods v. Carey*, No. 09-15548, slip op. 7871 (9th Cir. July 6,

12   2012) and/or *Stratton v. Buck*, No. 10-35656, slip op. 11477 (9th Cir. Sept. 19, 2012), at the

13   same time they served him with their motion.  Failure to do so will result in the summary

14   dismissal of their motion without prejudice.

15    4. Communications by the plaintiff with the court must be served on defendant, or

16   defendant's counsel once counsel has been designated, by mailing a true copy of the document

17   to defendant or defendant's counsel.

18    IT IS SO ORDERED.

19   Dated: October ___7___, 2013.

20   WILLIAM ALSUP
     UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28

3

**United States District Court**
For the Northern District of California

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion to dismiss for failure to exhaust administrative remedies, they are seeking to have your case dismissed. If the motion is granted it will end your case and there will be no trial.

A motion to dismiss for failure to exhaust administrative remedies is similar to a motion for summary judgment in that the court will consider materials beyond the pleadings. You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions. In considering a motion to dismiss for failure to exhaust administrative remedies, the court can decided disputed factual matters with regard to the exhaustion question. Because the court can resolve factual disputes, unlike a summary judgment opposition, it is not enough to merely show a genuine issue of material fact in opposition to the motion to dismiss.