IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR URIBE,<br><br>    Plaintiff,<br><br>v.<br><br>PHILIP BABIENCO; LUZ F. NARES; WILLIAM J. HILL; GERALD ELLIS; M. LEW; CHI NGUYEN,<br><br>    Defendants | No. C 13-1106 WHA (PR)<br><br>**ORDER GRANTING LEAVE TO FILE AMENDED COMPLAINT; DENYING MOTION FOR SUMMARY JUDGMENT; OF SERVICE; RE-SCHEDULING DISPOSITIVE MOTION**<br><br>(Dkt. Nos. 9, 10) |

Plaintiff, a California prisoner currently incarcerated at the California Training Facility in Soledad, California ("CTF"), filed this pro se civil rights action in state court. Because the complaint contained a federal claims for the violation of plaintiff's Eighth Amendment rights, defendants Philip Babienco, Luz F. Nares, William J. Hill, and Gerald Ellis timely removed the case to federal court. *See* 28 U.S.C. 1441, 1367. A review of the complaint under 28 U.S.C. 1915A(a) revealed that, when liberally construed, the Eighth Amendment and state law claims are cognizable. Accordingly, summary judgment motions were scheduled. Pursuant to that schedule, defendants filed a motion for summary judgment on September 30, 2013. Four days earlier, however, plaintiff filed a motion for leave to file an amended complaint in which he supplied the names of two of the "Doe" defendants from the original complaint and added new claims. The two new defendants are two dentists at CTF, M. Lew and Chi Nguyen, who

allegedly provided plaintiff with inadequate dental care. When liberally construed, his allegations against them are cognizable. Consequently, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, leave to file the amended complaint (dkt. 9) is **GRANTED**. *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994) (Rule 15(a) is to be applied liberally in favor of amendments and, in general, leave shall be freely given). Because the amended complaint replaces and supercedes the original complaint, defendants' summary judgment motion (dkt. 10) is **DENIED** as moot. The denial is without prejudice, of course, to filing a new summary judgment according to the schedule set forth below.

For the reasons set out above, it is hereby ordered as follows:

1. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the amended complaint with all attachments thereto, and a copy of this order upon defendant **M. LEW, D.D.S.**, and **CHI NGUYEN, D.D.S.** at **the Correctional Training Facility in Soledad, California**. A courtesy copy of the amended complaint with attachments and this order shall also be mailed to the California Attorney General's Office.

2. Defendants **shall** file an answer that complies with the Federal Rules of Civil Procedure.

3. In order to expedite the resolution of this case:

   a. No later than **91 days** from the date this order is filed, defendants shall file a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

   b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than **28 days** from the date of service of the motion. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

1   If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to
2   exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff
3   should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION),"
4   which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir.),
5   *cert. denied, Alameida v. Wyatt*, 124 S.Ct 50 (2003).

6       c.  Defendants **shall** file a reply brief no later than **14 days** after the date of
7   service of the opposition.

8       d.  The motion shall be deemed submitted as of the date the reply brief is due.
9   No hearing will be held on the motion unless the court so orders at a later date.

10      e.  Along with their motion, defendants shall proof that they served plaintiff the
11  applicable warning(s) required by *Woods v. Carey*, No. 09-15548, slip op. 7871 (9th Cir. July 6,
12  2012) and/or *Stratton v. Buck*, No. 10-35656, slip op. 11477 (9th Cir. Sept. 19, 2012), at the
13  same time they served him with their motion.  Failure to do so will result in the summary
14  dismissal of their motion without prejudice.

15  4. Communications by the plaintiff with the court must be served on defendant, or
16  defendant's counsel once counsel has been designated, by mailing a true copy of the document
17  to defendant or defendant's counsel.

18  IT IS SO ORDERED.

19  Dated: October   7  , 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion to dismiss for failure to exhaust administrative remedies, they are seeking to have your case dismissed. If the motion is granted it will end your case and there will be no trial.

A motion to dismiss for failure to exhaust administrative remedies is similar to a motion for summary judgment in that the court will consider materials beyond the pleadings. You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions. In considering a motion to dismiss for failure to exhaust administrative remedies, the court can decided disputed factual matters with regard to the exhaustion question. Because the court can resolve factual disputes, unlike a summary judgment opposition, it is not enough to merely show a genuine issue of material fact in opposition to the motion to dismiss.