IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR URIBE,<br><br>    Plaintiff,<br><br>  v.<br><br>PHILIP BABIENCO; LUZ F.<br>NARES; WILLIAM J. HILL;<br>GERALD ELLIS; M. LEW; CHI<br>NGUYEN,<br><br>    Defendants<br>_____ / | No. C 13-1106 WHA (PR)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; REFERRING CASE TO JUDGE VADAS FOR MEDIATION; STAYING CASE; DENYING MOTION TO APPOINT EXPERT WITNESS**<br><br>(Docket Nos. 16, 23) |

### INTRODUCTION

Plaintiff, a California prisoner proceeding pro se, filed this civil rights case in state court, and it was then removed to federal court because it included claims under 42 U.S.C. 1983. The amended complaint asserts that defendants violated state law and his Eighth Amendment rights by causing him to receive inadequate dental care at the California Training Facility. After a review of the claims pursuant to 28 U.S.C. 1915A(a), they were found, when liberally construed, to be cognizable, and the amended complaint was served upon defendants Philip Babienco, Luz F. Nares, M. Lew, Chi Nguyen, Gerald Ellis and William J. Hill. Defendants filed a motion for summary judgment (dkt. 16), plaintiff filed an opposition, and defendants filed a reply brief. Plaintiff also filed a motion to appoint an expert witness (dkt. 29).

For the reasons discussed below, the motion for summary judgment is **GRANTED**.

### STATEMENT

The following facts are not in dispute, unless otherwise noted.

On October 26, 2010, defendant Dr. Nares conducted a routine dental exam on plaintiff, noted three missing molar teeth, and found that a fourth wisdom tooth (#32) was "unerupted," i.e. still under the gum line (Nares Decl. ¶ 7). Dr. Nares created a treatment plan for plaintiff's periodontal disease, but tooth #32 did not require treatment because plaintiff reported no pain or other symptoms (*ibid.*; Babienco Decl. ¶ 11). Defendant Dr. Nares did not treat or see plaintiff again (Nares Decl. ¶ 8). Over the following year, plaintiff received treatment for his periodontal disease three times, but he did not report any pain or symptoms from the unerupted tooth #32 (Babienco Decl. ¶ 13).

On November 1, 2011, plaintiff filed a form requesting dental treatment, complaining that tooth #32 was "protruding" from the gum, that he had an "apparent abscess," that he had "constant bleeding" from brushing his teeth, and that he had "constant slow throbbing pain" (Nguyen Decl. Exh. A at AGO-00049). Defendant Dr. Nguyen received and reviewed the request on November 3, 2011, and plaintiff's condition as "urgent," meaning that a dentist would see him within three business days (Nguyen Decl. ¶¶ 7-8). As the clinic received plaintiff's request on a Thursday, three business days later was November 8; plaintiff was seen by a dentist, defendant Dr. Babienco, on November 9 (*id.* at ¶¶ 7, 9, 12; Babienco Decl. ¶ 15).

Dr. Nguyen did not classify plaintiff's need as "emergent" because it did not describe "debilitating" pain or a risk of death or serious bodily harm (*id.* at ¶ 8). The prison's dental policy define dental emergencies in this way, and state that:

> Examples of dental emergencies include acute oral and maxillofacial conditions characterized by trauma infection, pain, selling, or bleeding that is likely to remain acute or worsen without immediate intervention.

(Babienco Decl. Exh. B at 392), According to Dr. Nguyen, where, as here, a wisdom tooth is impacted and is pushing horizontally on an adjacent tooth, there is no risk of death of serious bodily injury and there is either no pain or the pain is "slow throbbing" but not disabling (Nguyen Decl. ¶ 8).

When Dr. Babienco saw plaintiff on November 9, he reviewed plaintiff's health history and ordered x-rays (Babienco Decl. ¶ 15). The x-rays showed tooth #32 impacted and horizontally impinging on tooth #31 (*ibid.*). According to Dr. Babienco, he did not prescribe

2

1    pain medication or antibiotics because he found no bleeding, swelling, abscess, or "indication"
2    of pain or infection (*ibid.*).  According to plaintiff, however, he told Dr. Babienco that his tooth
3    was hurting and causing him pain (Uribe Decl. (Attached to Opp.) ¶ 9).  After his November 9,
4    2011, appointment with Dr. Babienco, plaintiff thought that he would be receiving pain
5    medication, but when three days passed without his getting such medication, he filed an
6    administrative appeal complaining of "slow throbbing" and "acute pain" on November 13, 2011
7    (Uribe Decl. ¶ 11; Babienco Decl. Exh. A at AGO-00158-59).  Plaintiff describes the pain he
8    was experiencing between November 1 and his surgery on November 28, as constant, and he
9    states that he could not chew on the right side, could not drink liquid that was too hot or too
10   cold, would awaken at night and lose sleep, and experience headaches (Uribe Decl. ¶ 12).

11            At the November 9 appointment, Dr. Babienco recommended extraction of tooth #32 by
12   an oral surgeon because of the impingement and "prior history" of pain, and he noted that tooth
13   #31 had deep caries and might need extraction (Babienco Decl. ¶ 15).  Because there is no oral
14   surgeon at CTF, Dr. Babienco requested approval from other prison officials to send plaintiff to
15   an outside surgeon; the request was granted, and plaintiff's tooth #32 was successfully extracted
16   by an oral surgeon on November 28, 2011 (Babienco Decl. ¶¶ 16, 17).  He was also prescribed
17   ibuprofen (*id.* at ¶ 17).  Dr. Babienco examined plaintiff three days after his surgery and found
18   inflammation and swelling and a good blood clot (*id.* ¶ 18).  Plaintiff reported "some pain," but
19   was taking pain medication (*ibid.*).

20            In response to plaintiff's administrative appeal from November 13, defendant Hill, a
21   manager of health services, assigned it to the prison's dental clinic, and Dr. Babienco examined
22   plaintiff on December 6 (*ibid.*).  By that time, plaintiff had already had surgery, a follow-up
23   examination, and was receiving pain medication for tooth #32, so they discussed tooth #31 (*id.*
24   at ¶ 19).  Dr. Babienco informed plaintiff that he had to heal from extraction of the adjacent
25   tooth before treating tooth #31, and early the following year tooth #31 was restored and its
26   caries filled (*id.* at ¶ 20; Nguyen Decl. ¶ 14).

27                                             **ANALYSIS**
28   A.    S<small>TANDARD OF</small> R<small>EVIEW</small>

3

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986). When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Ibid*.

B. ANALYSIS

Plaintiff claims that defendants were deliberately indifferent to his serious dental needs in violation of the Eighth Amendment in their treatment of tooth #32. He also adds state law claims of negligence and dental malpractice, and two state statutory claims of negligent failure to diagnose and failure to summon medical care.

1. Legal Standards

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Serious medical needs may include dental care. *Hunt v. Dental Dep't.*, 865 F.2d 198, 200 (9th Cir. 1989). A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Estelle*, 429 U.S. at 104. A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Neither negligence nor gross negligence will constitute deliberate indifference. *Id*. at 835-36 & n.4 (1994). "A

4

1  difference of opinion between a prisoner-patient and prison medical authorities regarding
2  treatment does not give rise to a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th
3  Cir. 1981).

4  The elements of professional negligence and dental malpractice in California are: (1) the
5  duty of the dentist to use such skill, prudence and diligence as other members of his profession
6  commonly possess and exercise, (2) a breach of that duty, (3) a proximate causal relationship
7  between the negligent conduct and the resulting injury, and (4) actual loss or damage resulting
8  from the dentist's negligence. *Burgess v. Superior Court*, 2 Cal. 4th 1064, 1077 (1992).

9  Plaintiff also claims that defendants violated two California statutes related to dental
10 malpractice: (1) negligent failure to diagnose (Cal. Code Civ. Pro. 1714.8); and (2) failure to
11 summon medical care (Cal. Govt. Code 845.6).

12     2.     Defendant Nares

13 Plaintiff claims that defendant Dr. Nares failed by not ordering extraction of his
14 unerupted wisdom tooth in October 2010. The evidence establishes that plaintiff did not have
15 any pain or symptoms from that tooth at that time, or indeed for another year. There is also
16 uncontroverted evidence that according to the generally accepted dentistry, an unerupted wisdom
17 tooth that is not causing pain or other symptoms does not need to be extracted (*see* Babienco
18 Decl. ¶ 11; Nares Decl. ¶ 9). Under these circumstances, there is no triable factual issue that she
19 was deliberately indifferent to his dental needs, and plaintiff does not dispute this conclusion in
20 his opposition (*see* Opp. 7-19).

21 Plaintiff does argue in his opposition that Dr. Nares was negligent because x-rays in
22 October 2010 showed that tooth #32 was growing horizontally under the gum and impinging on
23 tooth #31. According to plaintiff, this made it reasonably foreseeable that he would have
24 problems with tooth #31 in the future, and that Dr. Nares should have therefore ordered
25 immediate extraction. There is no evidence that immediate extraction of an unerupted tooth,
26 such as tooth #32, that is not causing pain, bleeding or other symptoms, is medically required
27 simply because it may cause problems in the future. The only qualified dental opinions are to
28 the contrary, as noted above.

5

Plaintiff seeks appointment of a neutral expert under Rule 706, whose fees would be borne by defendants because of plaintiff's indigence, *see Pedraza v. Jones*, 71 F.3d 194, 196 (5th Cir. 1995); *McKinney v. Anderson*, 924 F.2d 1500, 1511 (9th Cir. 1991) (authorizing appointment of expert witness and apportionment of costs to one side in case brought by indigent prisoner), *vacated and remanded on other grounds*, 502 U.S. 903 (1991). Such an appointment is denied because the opinion of Dr. Babienco and Dr. Nares appears to be reasonable under the circumstances presented here, and there is no indication that a third dentist would testify differently. The defendants will not be required to pay for the fees of a neutral expert who is not reasonably likely to provide any new testimony. Accordingly, the motion to appoint a neutral expert will be denied.

As there is no triable factual issue as to whether Dr. Nares provided inadequate dental care, summary judgment is granted in her favor.

2. Dr. Nguyen

Plaintiff claims that Dr. Nguyen should have classified his dental need as an emergency, which would have led to quicker treatment. Dr. Nguyen reviewed the form requesting dental care filled out by plaintiff on November 1, 2011. She received the request on November 3 and classified it as urgent, which led to plaintiff's getting an appointment on November 9. There is no evidence that she was unreasonable or improper in characterizing his needs as urgent but not emergent given the symptoms plaintiff described in his request form. The bleeding was from brushing his teeth and the pain was described as constant slow and throbbing, both of which were consistent with her past experience that unerupted wisdom teeth generally do not cause acute pain or threaten serious injury. Plaintiff's assertion that he had an abscess was a lay self-diagnosis that Dr. Nguyen could reasonably discount and that turned out to be wrong in any event. Finally, there is no evidence that the two professional dental opinions that such symptoms were urgent but not emergent (Babienco Decl. ¶ 14; Nguyen Decl. ¶¶ 7-8) are wrong.

Plaintiff argues that his symptoms constituted an emergency under the prison policy, but in the request form he did not describe the symptoms as "acute" as required under the policy, and he did not have an abscess or infection. To whatever extent plaintiff was experiencing more

6

acute symptoms than what he described in his request form, Dr. Nguyen could not have reasonably have known about it.  Dr. Nguyen did take plaintiff's condition seriously in characterizing it as urgent, as opposed to routine, plaintiff was examined by a dentist with a week of the receipt of his request.  There is no evidence that this amounted to deliberate indifference or to a medically unacceptable treatment for his condition as he described it to Dr. Nguyen.  As there is no triable issue of fact that Dr. Nguyen violated plaintiff's rights under the Eighth Amendment or state law, summary judgment will be granted in her favor.

### 3. Dr. Babienco

There is a triable factual issue as to whether Dr. Babienco was deliberately indifferent to plaintiff's serious dental needs in failing to provide him with pain medication at the appointment on November 9, 2011.  The factual dispute is whether Dr. Babienco knew that plaintiff was in pain at that time.  According to Dr. Babienco, there was no bleeding, swelling or "indication" of pain when he examined plaintiff on November 9.  However, plaintiff states in his declaration that he told Dr. Babienco on November 9 that he was in pain.  He does not specifically state how much pain he reported to Dr. Babienco at that time, but he states that during this general time period he had constant pain, that was sharp as well as "slow throbbing" pain, headaches, disrupted sleep, and pain while chewing and drinking certain liquids.  Interpreting plaintiff's evidence in a light most favorable to him, a reasonable juror could conclude that plaintiff told Dr. Babienco that he was in considerable pain at the November 9 appointment, and that Dr. Babienco either deliberately or negligently disregarded plaintiff's need for medication to alleviate the pain until plaintiff had surgery.  Furthermore, if, as plaintiff states, he reported pain to Dr. Babienco on November 9, it would be his second report of pain in the area following his request for dental care on November 1.

In addition to the evidence that plaintiff reported pain to Dr. Babienco on November 9, there is evidence that in his administrative appeal on November 13, plaintiff reported having "acute" tooth pain.  It may be that Dr. Babienco was not aware of the appeal until after surgery, but he does not specifically say so in his declaration.  The form itself says that it first went to defendant William Hill on November 15, who referred it to the dental clinic, and that Dr.

7

1    Babienco saw plaintiff on December 6. A reasonable fact-finder could find, however, that Dr.
2    Babienco was made aware of the administrative appeal --- and plaintiff's report of pain therein ---
3    earlier, and prior to November 28.

4    Defendants argue that plaintiff Dr. Babienco is not liable because plaintiff never
5    specifically requested pain medication. If plaintiff reported the considerable pain that he
6    describes in his declaration, Dr. Babienco cannot reasonably refuse to provide medication for the
7    pain simply because plaintiff did not also specifically ask for the medication. The material issue,
8    then, is whether plaintiff reported pain to Dr. Babienco and if so how much pain he described,
9    and this factual issue is very much in dispute. Defendants further contend that plaintiff did not
10   purchase any over the counter medication from the prison store during this time, but they do not
11   provide any actual evidence showing this to be true, or of the availability of such medication, its
12   dosage, and plaintiff's ability to pay for it during the relevant period of time.

13   Accordingly, there is a genuine dispute of material facts that would determine whether or
14   not Dr. Babienco violated plaintiff's rights under the Eighth Amendment and state law by failing
15   to provide him with pain medication at the November 9 dental examination. Dr. Babienco is not
16   entitled to summary judgment on that issue.

17   This is not to say that there is evidence that reasonably calls into question other aspects
18   of Dr. Babienco's care. There is no evidence suggesting that plaintiff had an actual infection
19   warranting antibiotics, that Dr. Babienco misdiagnosed him or was wrong to schedule surgery,
20   that the timing of the surgery was medically improper, or that Dr. Babienco's actions in the
21   follow-up appointments were in any way inadequate. Accordingly, Dr.. Babienco is entitled to
22   summary judgment on plaintiff's claims to the extent they are based on anything other than his
23   decision not to prescribe pain medication for plaintiff between November 9 and November 28,
24   when plaintiff was prescribed pain medication.

25       4.    <u>Defendants Ellis, Lew and Hill</u>

26   Plaintiff claims that three supervisors, defendants Ellis, Lew and Hill are also liable for
27   his allegedly inadequate dental care. As they were not directly involved in plaintiff's care, their
28   liability must turn on either deficiencies in the training or supervision they provided, or in their

8

1    knowing acquiescence in the other defendants' inadequate care. *See Starr v. Baca*, 652 F.3d
2    1202, 1207 (9th Cir. 2011). Plaintiff provides no evidence about the supervision or training
3    provided by these defendants, let alone any evidence of deficiencies or shortcomings in the
4    supervision or training that led to plaintiff receiving inadequate care from Dr. Babienco.
5    Plaintiff requested discovery of prior complaints against Dr. Babienco and Dr. Nares,
6    presumably to attempt to show that the supervisor defendants failed to adequately respond to the
7    prior complaints, but when defendants searched for such prior complaints, none were found.

8    Nor is there evidence that Ellis, Dr. Lew or Hill knowingly acquiesced in deficiencies in
9    plaintiff's dental care. The only evidence that plaintiff may not have received adequate dental
10   care, as discussed above, concerns the failure to provide him with pain medication between
11   November 9 and November 28. There is no evidence that either Dr. Lew or Ellis had any
12   knowledge of plaintiff's pain or lack of medication during that time: Dr. Lew did not know about
13   plaintiff's care or condition at any time, and Ellis only became aware of plaintiff when he
14   reviewed plaintiff's administrative appeal, several months later, in February 2012 (Babienco
15   Decl. Exh. B at AGO-00140, 148-49).

16   Defendant Hill became aware of plaintiff's complaints when he reviewed plaintiff's
17   administrative appeal on November 15, , but there is no evidence that he knowingly acquiesced
18   in his receiving inadequate care. Hill is not a dentist or doctor with the expertise to question the
19   decisions of the treating dentists regarding the proper care for plaintiff's teeth. Plaintiff had
20   recently been examined by Dr. Babienco and obtained a recommendation for surgery. There is
21   no evidence that Hill had grounds to second-guess his dental decisions, and referring the
22   administrative appeal to the dental clinic, as Hill did, where dental expertise could be brought to
23   plaintiff's needs was a reasonable decision. For these reasons, the papers do not raise a triable
24   factual issue as whether defendants Ellis, Dr. Lew or Hill violated plaintiff's rights under the
25   Eighth Amendment or state law.

26   C.   REFERRAL TO PRO SE PRISONER MEDIATION PROGRAM

27   The court has established a Pro Se Prisoner Mediation Program. Certain prisoner civil
28   rights cases may be referred to a neutral magistrate judge for prisoner mediation proceedings.

9

1  The proceedings consist of one or more conferences as determined by the mediator. As
2  summary judgment is being denied in part, this case is appropriate for mediation and will be
3  referred to the Pro Se Prisoner Mediation Program.

## CONCLUSION

Defendants' motion for summary judgment (dkt. 16) is **GRANTED IN PART AND DENIED IN PART**: the motion is **DENIED** to defendant Dr. Babienco on plaintiff's claims concerning pain medication, as described above, and the motion is **GRANTED** in favor of defendants Dr. Babienco, Dr. Nares, Dr. Nguyen, Hill, Ellis, and Dr. Lew on all other claims. The motion for appointment of an expert witness (dkt. 23) is **DENIED**.

This case is **REFERRED** to Magistrate Judge Vadas pursuant to the Pro Se Prisoner Mediation Program. All further proceedings in this case except those related to the mediation and compliance with the subpoena as ordered above are **STAYED** pending completion of that procedure.

The mediation proceedings shall take place within 120 days of the date this order is entered. Magistrate Judge Vadas shall coordinate a time and date for a mediation proceeding with all interested parties or their representatives and, within five days after the conclusion of the mediation proceedings, file a report. All mediation proceedings shall be confidential and no statement made therein will be admissible in any proceedings in the case, unless the parties otherwise agree. No part of the mediation proceeding shall be reported, or otherwise recorded, without the consent of the parties, except for any memorialization of a settlement.

The clerk shall send a copy of this order to Magistrate Judge Nandor Vadas.

IT IS SO ORDERED.

Dated: September    16   , 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE