IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR URIBE, | No. C 13-01106 WHA |
| Plaintiff, | |
| v. | **FINAL PRETRIAL ORDER** |
| PHILIP BABIENCO, | |
| Defendant. | |

**FOR GOOD CAUSE** and after a final pretrial conference, the following constitutes the final pretrial order and rulings on motions *in limine*:

1. This case shall go to a **JURY TRIAL** on **JULY 25, 2016, AT 7:30 A.M.**, and shall continue until completed on the schedule discussed at the conference. The issues to be tried shall be those set forth in the joint proposed pretrial order except to the extent modified by order *in limine*. This final pretrial order supersedes the complaint, answer and any counterclaims, cross-claims or third-party complaints, *i.e.*, only the issues expressly identified for trial remain in the case.

2. Rulings on the motions *in limine* were made on the record at the pretrial conference and are summarized later in this order.

3. Except for good cause, each party is limited to the witnesses and exhibits disclosed in the joint proposed final pretrial order less any excluded or limited by an order *in limine*. Materials or witnesses used solely for impeachment need not be disclosed and may be used, subject to the rules of evidence.

4. The stipulations of facts set forth in the joint proposed final pretrial order are approved and binding on all parties.

5. A jury of **8 PERSONS** shall be used.

6. Each side shall have **THREE-AND-A-HALF HOURS** to examine witnesses (counting direct examination, cross-examination, re-direct examination, re-cross examination, etc.). Opening statements and closing arguments shall not count against the limit. If, despite being efficient, non-duplicative, and non-argumentative in the use of the allotted time, one side runs out of time and it would be a miscarriage of justice to hold that side to the limit, then more time will be allotted.

7. The parties shall follow the Court's current *Guidelines for Trial and Final Pretrial Conference in Civil Jury Cases*, separately provided and available on the Internet at http://www.cand.uscourts.gov, which guidelines are incorporated as part of this order.

## RULINGS ON MOTIONS IN LIMINE

**PLAINTIFF'S MOTIONS IN LIMINE.**

**1. EXCLUDE PLAINTIFF'S PAST CONVICTIONS.**

This motion is **GRANTED.**

Defendant's counsel raised the possibility of including a jury instruction regarding the credibility of the plaintiff such that the jury would be allowed to infer that plaintiff has a criminal history. This order defers ruling on this issue until a later time.

**2. EXCLUDE CHARACTER EVIDENCE.**

This order defers ruling on whether defendant may (1) cross-examine plaintiff about the submission of the false declaration in the other lawsuit and (2) submit the sanctions order for impeachment purposes until after defendant has completed the other portions of his cross-examination of plaintiff.

**3. EXCLUDE EVIDENCE OF PLAINTIFF'S PRIOR LAWSUITS.**

This motion is **GRANTED** subject to the ruling above on the submission of the false declaration.

**4.    EXCLUDE DEFENDANT FROM TESTIFYING AS AN EXPERT AS TO THE STANDARD OF CARE.**

Defendant may *not* testify to the standard of care as a present-day opinion (as opposed to a historical fact) unless plaintiff opens the door to such testimony in his cross-examination of defendant.

**5.    EXCLUDE THE TRANSACTION LIST AND CANTEEN PRICE LIST.**

This order concludes that defendant may present the transaction list (with redactions) and canteen list if he lays a foundation for the documents as business records. This order does not reach the issue of whether the documents are admissible as business records.

If the documents are ruled admissible, reference to prior lawsuits shall be redacted.

**DEFENDANT'S MOTIONS IN LIMINE.**

**1.    EXCLUDE CERTAIN OPINIONS OF PLAINTIFF'S EXPERT DR. JEFFREY LIGHT.**

This motion is **DENIED IN PART AND GRANTED IN PART.** Dr. Light may testify so long as he makes clear that he did not examine plaintiff; that his testimony rests solely on records and the testimony of other doctors; and that he is not making a diagnosis. However, Dr. Light shall *not* be allowed to testify as to what was in defendant's mind or as to the ultimate issue of whether or not defendant was deliberately indifferent. Dr. Light also may not testify as to the law and what it requires.

**2.    EXCLUDE EVIDENCE CONCERNING THE SUBSTANCE OR OUTCOME OF OTHER LAWSUITS.**

This motion is **GRANTED.**

**IT IS SO ORDERED.**

Dated: July 21, 2016.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE