IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR URIBE,  Plaintiff,  v.  PHILIP BABIENCO,  Defendant. | No. C 13-01106 WHA |

**FINAL CHARGE TO THE JURY
AND SPECIAL VERDICT FORM**

1.

Members of the jury, now that you have heard all the evidence and arguments by counsel, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult as necessary.

It is your duty to find the facts from all the evidence in the case. To those facts, you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case. In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the Court may have said or done as suggesting what verdict you should return — that is a matter entirely up to you.

2.

The evidence from which you are to decide what the facts are consists of:

    1. The sworn testimony of witnesses, on both direct and cross-examination, regardless of who called the witness;

    2. The exhibits which have been received into evidence;

    3. The sworn testimony of witnesses in depositions, read into evidence; and

    4. Any facts to which the lawyers have stipulated. You must treat any stipulated facts as having been conclusively proved.

3.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a

turned-on garden hose, may explain the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence. You should base your decision on all of the evidence regardless of which party presented it.

4.

In reaching your verdict, you may consider only the types of evidence I have described. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

    1.    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

    2.    A suggestion in a question by counsel or the Court is not evidence unless it is adopted by the answer. A question by itself is not evidence. Consider it only to the extent it is adopted by the answer.

    3.    Objections by lawyers are not evidence. Lawyers have a duty to their clients to consider objecting when they believe a question is improper under the rules of evidence. You should not be influenced by any question, objection or the Court's ruling on it.

    4.    Testimony or exhibits that have been excluded or stricken, or that you have been instructed to disregard, are not evidence and must not be considered. In addition, some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

5. Anything you may have seen or heard when the Court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

5.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it or none of it. In considering the testimony of any witness, you may take into account:

1. The opportunity and ability of the witness to see or hear or know the things testified to;
2. The witness' memory;
3. The witness' manner while testifying;
4. The witness' interest in the outcome of the case and any bias or prejudice;
5. Whether other evidence contradicted the witness' testimony;
6. The reasonableness of the witness' testimony in light of all the evidence; and
7. Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. Nor does it depend on which side called witnesses or produced evidence. You should base your decision on all of the evidence regardless of which party presented it.

6.

You are not required to decide any issue according to the testimony of a number of witnesses, which does not convince you, as against the testimony of a smaller number or other evidence, which is more convincing to you. The testimony of one witness worthy of belief is sufficient to prove any fact. This does not mean that you are free to disregard the testimony of any witness merely from caprice or prejudice, or from a desire to favor either side. It does mean that you must not decide anything by simply counting the number of witnesses who have testified on the opposing sides. The test is not the number of witnesses but the convincing force of the evidence.

7.

A witness may be discredited or impeached by contradictory evidence or by evidence that, at some other time, the witness has said or done something or has failed to say or do something that is inconsistent with the witness' present testimony. If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

8.

Discrepancies in a witness' testimony or between a witness' testimony and that of other witnesses do not necessarily mean that such witness should be discredited. Inability to recall and innocent misrecollection are common. Two persons witnessing an incident or a transaction sometimes will see or hear it differently. Whether a discrepancy pertains to an important matter or only to something trivial should be considered by you.

However, a witness willfully false in one part of his or her testimony is to be distrusted in others. You may reject the entire testimony of a witness who willfully has testified falsely on a material point, unless, from all the evidence, you believe that the probability of truth favors his or her testimony in other particulars.

9.

In determining what inferences to draw from evidence you may consider, among other things, a party's failure to explain or deny such evidence.

10.

You have heard testimony from witnesses referred to as "expert witnesses." These are persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions. Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case. If an expert witness was not present at the events in question, his or her opinion is necessarily based on an assumed set of circumstances. In evaluating the opinion

during the trial, you should take into account the extent to which you do agree or do not agree with the circumstances assumed by the expert witness.

11.

In these instructions, I will often refer to a party's "burden of proof." Let me explain what that means. When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true. To put it differently, if you were to put the evidence favoring a plaintiff and the evidence favoring a defendant on opposite sides of a scale, the party with the burden of proof on the issue would have to make the scale tip somewhat toward its side. If the party fails to meet this burden, then the party with the burden of proof loses on that issue. Preponderance of the evidence basically means "more likely than not."

12.

On any claim, if you find that plaintiff carried his burden of proof as to each element of a particular claim, your verdict should be for plaintiff on that claim. If you find that plaintiff did not carry his burden of proof as to each element, you must find against plaintiff on that claim. This same principle also applies to defendant on claims for which he has the burden of proof.

13.

I will now turn to the law that applies to this case. *First*, I will give you a brief summary of the claims and defenses at issue in this case.

14.

On November 9, 2011, defendant Dr. Philip Babienco performed a dental examination on plaintiff Cesar Uribe, a prisoner who had requested dental treatment. It is undisputed that defendant did *not* prescribe pain medication on November 9. On November 28, an oral surgeon removed plaintiff's impacted wisdom tooth and prescribed the analgesic ibuprofen. Plaintiff brings a federal and a state claim, both of which stem from defendant's not prescribing pain medication between November 9 and November 28, 2011.

15.

Plaintiff's first claim arises under state law and alleges that he was harmed by defendant's professional negligence, that is, what is commonly referred to as a claim for medical malpractice. To establish this claim, plaintiff must prove all of the following by a preponderance of the evidence:

1. That defendant was negligent;
2. That plaintiff was harmed; and
3. That defendant's negligence was a substantial factor in causing plaintiff's harm.

16.

A dentist is negligent if he fails to use the level of skill, knowledge, and care in diagnosis and treatment that other reasonably careful dentists would use in the same or similar circumstances. This level of skill, knowledge, and care is sometimes referred to as "the standard of care."

You must determine the level of skill, knowledge, and care that other reasonably careful dentists would use in the same or similar circumstances, based only on the testimony of the expert witnesses you find to be qualified.

17.

A dentist is not necessarily negligent just because his or her efforts are unsuccessful or he makes an error that was reasonable under the circumstances. A dentist is negligent only if he was not as skillful, knowledgeable, or careful as other reasonable dentists would have been in the same or similar circumstances.

18.

As discussed in the instruction regarding professional negligence, plaintiff must prove that defendant's negligence was a substantial factor in causing plaintiff's harm.

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

1  Conduct is not a substantial factor in causing harm if the same harm would have
2  occurred without that conduct.

3                                          19.

4  It is the duty of the Court to instruct you about the measure of damages. By instructing
5  you on damages, the Court does not mean to suggest for which party your verdict should be
6  rendered.

7  If you find for plaintiff on his professional negligence claim, you must determine his
8  damages. Plaintiff has the burden of proving damages by a preponderance of the evidence.
9  Damages means the amount of money that will reasonably and fairly compensate plaintiff for
10 any injury you find was caused by defendant. You should consider any mental, physical, and
11 emotional pain and suffering that plaintiff experienced from November 9 to November 28.

12                                         20.

13 You are not permitted to include speculative damages, which means compensation for
14 future loss or harm which, although possible, is conjectural or not reasonably certain. Your
15 award must be based upon evidence and not upon speculation, guesswork, or conjecture.
16 However, if you determine that plaintiff is entitled to recover, you should compensate plaintiff
17 for the loss or harm caused by the injury in question which the evidence shows is reasonably
18 certain to be suffered in the future.

19                                         21.

20 Defendant claims that plaintiff's own negligence contributed to his harm and that,
21 therefore, plaintiff was comparatively at fault for any harm caused by defendant's professional
22 negligence (if any). To succeed on this claim, defendant must prove both of the following by a
23 preponderance of the evidence:

24    1.    That plaintiff was negligent; and
25    2.    That plaintiff's negligence was a substantial factor in causing his harm.

26 If defendant proves the above, the Court will reduce plaintiff's damages by your
27 determination of the percentage of plaintiff's responsibility.

28

22.

Plaintiff's second claim is a claim against defendant under a federal statute, Section 1983 of Title 42 of the United States Code, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party. Throughout these instructions, this claim may be referred to as a Section 1983 claim.

23.

In order to prevail on his Section 1983 claim against defendant, plaintiff must prove each of the following elements by a preponderance of the evidence:

1. Defendant acted under color of law; and
2. The acts of defendant deprived plaintiff of his particular rights under the laws of the United States or under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that defendant acted under color of law. So the issue comes down to whether defendant deprived plaintiff of a constitutional right.

24.

As stated, plaintiff alleges defendant deprived him of his rights under the Eighth Amendment to the Constitution when defendant did not prescribe plaintiff pain medication at the dental appointment on November 9, 2011 or between November 9 and November 28, 2011.

Under the Eighth Amendment, a prisoner has the right to be free from "cruel and unusual punishments." This includes the right to receive treatment for serious medical needs while in prison. In order to prove defendant deprived plaintiff of this right, plaintiff must prove the following additional elements by a preponderance of the evidence:

1. Plaintiff faced a serious medical need;

9

    2.      Defendant was deliberately indifferent to that medical need — that is, defendant knew of the serious medical need and disregarded it by failing to take reasonable measures to address it; and

    3.      The acts of or failure to act by defendant caused harm to plaintiff.

25.

In order to establish that the acts of defendant deprived plaintiff of his particular rights under the laws of the United States or the United States Constitution as explained in these instructions, plaintiff must prove by a preponderance of the evidence that the acts were so closely related to the deprivation of plaintiff's rights as to be the moving force that caused the claimed injury.

26.

As you will recall, I previously instructed you regarding damages as to plaintiff's claim for professional negligence. If you find for plaintiff on his Section 1983 claim, you must also determine his damages. Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate plaintiff for any injury you find was caused by defendant. You should consider any mental, physical, and emotional pain and suffering that plaintiff experienced from November 9 to November 28.

27.

As stated previously, you are not permitted to include speculative damages, which means compensation for future loss or harm which, although possible, is conjectural or not reasonably certain. Your award must be based upon evidence and not upon speculation, guesswork, or conjecture. However, if you determine that a party is entitled to recover, you

should compensate a party for the loss or harm caused by the injury in question which the evidence shows is reasonably certain to be suffered in the future.

28.

The law which applies to this case authorizes an award of nominal damages. If you find for plaintiff but you find that plaintiff has failed to prove damages defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

29.

With respect to the first claim for relief (the professional negligence claim), I explained to you the concept of comparative fault. That concept does not apply to plaintiff's Section 1983 claim. Instead, a somewhat different concept applies to plaintiff's Section 1983 claim. As to this claim, plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

Defendant has the burden of proving by a preponderance of the evidence:

1. That plaintiff failed to use reasonable efforts to mitigate damages; and
2. The amount by which damages would have been mitigated.

30.

If you find for plaintiff as to the Section 1983 claim, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff. Plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that defendant's conduct that harmed plaintiff was malicious, oppressive, or in reckless disregard of plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring plaintiff. Conduct is in reckless disregard of a plaintiff's rights if, under the circumstances, it reflects complete indifference to plaintiff's safety or rights, or if a defendant acts in the face of a perceived risk that its actions will violate plaintiff's rights under federal law. An act or omission is oppressive if a defendant injures or damages or otherwise violates the rights of

11

plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of plaintiff.

If you find that punitive damages are appropriate, there will be a short supplemental resumption of the trial to argue the appropriate amount of punitive damages. This would be immediately after your verdict.

31.

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict as to each claim and as to damages, if any, must be unanimous. Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right. It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

I will give you a special verdict form to guide your deliberations.

32.

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes. When you go into the jury room, the Clerk will bring in to you the trial exhibits received into evidence to be available for your deliberations. The clerk will also provide you with an index to them, assuming the lawyers have been able to jointly prepare the index.

33.

As I noted before the trial began, when you retire to the jury room to deliberate, you will have with you the following things:

1. All of the exhibits received into evidence;
2. An index of the exhibits if the lawyers are able to stipulate as to its form;
3. A work copy of these jury instructions for each of you;
4. A work copy of the verdict form for each of you; and
5. An official verdict form.

When you recess at the end of a day, please place your work materials in the brown envelope provided and cover up any easels with your work notes so that if my staff needs to go into the jury room, they will not even inadvertently see any of your work in progress.

34.

A United States Marshal will be outside the jury-room door during your deliberations. If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the Court.

35.

You have been required to be here each day from 7:45 A.M. to 1:00 P.M. Now that you are going to begin your deliberations, however, you are free to modify this schedule within reason. For example, if you wish to continue deliberating in the afternoons after a reasonable lunch break, that is fine. The Court does, however, recommend that you continue to start your deliberations by 8:00 A.M. If you do not reach a verdict by the end of today, then you will resume your deliberations tomorrow and thereafter.

1  It is very important that you let the Clerk know in advance what hours you will be
2  deliberating so that the lawyers may be present in the courthouse at any time the jury is
3  deliberating.

36.

You may only deliberate when all of you are together. This means, for instance, that in the mornings before everyone has arrived or when someone steps out of the jury room to go to the restroom, you may not discuss the case. As well, the admonition that you are not to speak to anyone outside the jury room about this case still applies during your deliberation.

37.

After you have reached a unanimous agreement on a verdict, your foreperson will fill in, date, and sign the verdict form and advise the Court that you have reached a verdict. The foreperson should hold onto the filled-in verdict form and bring it into the courtroom when the jury returns the verdict. Thank you for your careful attention. The case is now in your hands. You may now retire to the jury room and begin your deliberations.

Dated: July 27, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE