IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR URIBE,<br><br>      Plaintiff,<br><br>  v.<br><br>PHILIP BABIENCO,<br><br>      Defendant.<br>_____ / | No. C 13-01106 WHA<br><br>**MEMORANDUM OPINION RE RULE 608 EVIDENCE** |

     This post-trial memorandum sets forth the basis for the Court's ruling mid-trial to allow plaintiff to be cross-examined about his forgery of a statement by another witness in another case. In 2011, a magistrate judge in a separate case made a finding that our plaintiff (also the plaintiff in that case) had submitted a false, forged declaration. At our pretrial conference, defendant's counsel sought permission to use this event to impeach plaintiff. The Court deferred ruling on this until (1) plaintiff had actually testified and (2) the Court could assess the extent to which plaintiff's credibility was an issue for the jury to consider. The Court felt that the subject should not be broached unless plaintiff's credibility was substantially in play. The Court listened to the entire direct examination of plaintiff and all of the cross-examination except for this one subject and made a determination at that point that plaintiff's credibility was sufficiently at issue to permit cross-examination under Federal Rules of Evidence 608(b) and 403. The Court limited the examination to what plaintiff himself did rather than what the judge found in her sanctions order. (During cross-examination, however, plaintiff himself referred to the judge's finding.)

Under Rule 403, the probative value of the information outweighed the prejudicial effect of the information. Plaintiff's credibility was in play on at least the following issues:

1. The actual extent of plaintiff's pain; and
2. What plaintiff knew about the actual balance of his prison trust account and when he knew it.

Dated: August 1, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE