IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR URIBE, | No. C 13-01106 WHA |
| Plaintiff, | |
| v. | **ORDER AWARDING REDUCED COSTS** |
| PHILIP BABIENCO, | |
| Defendant. | |

## INTRODUCTION

On September 9, the clerk entered a bill of costs of $3,367.24 in favor of defendant as the prevailing party in this case. Plaintiff timely objected pursuant to L.R. 54-2. For the reasons that follow, plaintiff's objections are **OVERRULED IN PART**.

## STATEMENT

On July 27, a jury reached a unanimous verdict for defendant Philip Babienco. Judgment was entered the next day. Defendant submitted a bill of costs on August 10 for $4,327.52 (Dkt. No. 128), but amended the amount to $3,747.04 the following day (Dkt. No. 129). On September 9, the clerk taxed costs against plaintiff in the amount of $3,367.24 (Dkt. No. 137). Plaintiff objects to this amount and asks this Court to exercise its discretion to deny costs pursuant to FRCP 54.

## ANALYSIS

FRCP 54(d)(1) states, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party. Our

court of appeals has interpreted the statute as creating "a presumption for awarding costs to prevailing parties; the losing party must show why costs should not be awarded." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944–45 (9th Cir. 2003). The district courts have discretion to award, reduce, or deny costs. *Ass'n of Mexican-American Educators v. State of Cal.*, 231 F.3d 572, 593 (9th Cir. 2000) (en banc); *Guitron v. Wells Fargo Bank, NA*, 619 F. App'x 590, 592 (9th Cir. 2015); *Carter v. Univ. Haw.*, 176 F. App'x 815, 816 (9th Cir. 2006). In determining whether to exercise that discretion, factors to consider include, but are not limited to: (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties. *Draper v. Rosario*, No. 14-16340, 2016 WL 4651407, at *11 (9th Cir. Sept. 7, 2016). A losing party need not demonstrate that all five factors weigh against imposing costs. *Ibid.*

In this case, all five factors weigh against imposing costs. *First*, the case has "substantial public importance" because, as our court of appeals noted in *Draper*, "[i]ndividual Eighth Amendment cases are important for safeguarding the rights and safety of prisoners." *Id.* at *12. *Second*, like *Draper*, this case was close enough to survive summary judgment and ultimately "turned on which competing account of events the jurors believed." *Third*, in *Draper*, our court of appeals found "a large cost award" of $3,018.35 — less than the amount billed here — "could chill similar lawsuits challenging Eighth Amendment violations in jails and prisons," particularly for cases that, like this one, "ultimately turn on the jury's determination of whose account of the event is more credible." *Ibid.* *Fourth*, plaintiff, a "prison inmate of . . . modest means," has limited financial resources (Dkt. No. 131 at 3). And *fifth*, as was the case in *Draper*, there is "no comparison between [plaintiff's] limited resources and those of the state of California, which bore the defense costs." *Draper*, *supra*, at *13.

Defendant argues plaintiff "has money to pay costs associated with litigation" because he "has money in his trust account," and "received $4,500 as a monetary settlement" in a prior case but gave it away (Dkt. No. 135 at 2). That plaintiff has $10.04 in his trust account (Dkt. No. 134) — an amount defendant conveniently omitted — and received a one-time payment of

$4,500 prior to this case does not disprove that plaintiff has limited financial resources, especially compared to those of the state of California. Defendant also points out plaintiff "can certainly afford to pay . . . over time," with a "monthly payment plan of twenty percent of [his] income" (Dkt. No. 135 at 3). But if the total amount of costs is unjust, then spreading it out with a payment plan does little to mitigate its injustice — especially if, as plaintiff observes, it would take a prisoner approximately 25 years of full-time work to pay according to the plan (Dkt. No. 140 at 4).

Defendant also argues an award of costs here "will not have a chilling [effect] on civil rights litigation" because "[p]laintiff is well acquainted with the judicial system" and is a "seasoned litigant." (Dkt. No. 135 at 4). Defendant's argument is inapposite. As plaintiff correctly notes, the "chilling effect" our court of appeals warned of in *Draper* was not on any particular litigant, seasoned or otherwise, but on a general group of "would-be litigants" with similarly meritorious Eighth Amendment claims who "may choose not to risk an unsuccessful lawsuit that could add to the fees and costs associated with conviction and imprisonment" (Dkt. No. 140 at 3). *Draper*, *supra*, at *12. The danger of such a chilling effect presents here regardless of whether plaintiff, specifically, would be deterred from filing future lawsuits.

While the circumstances in this case indicate plaintiff cannot reasonably afford to pay $3,367.24 in costs, he can afford a "relatively trivial and somewhat symbolic" amount to "comport with the spirit of Rule 54(d)." *Martinez v. Cui*, No. 06–40029–FDS, 2009 WL 3298080, at *5 (D. Mass. Apr. 13, 2009) (Judge Frank Saylor). This order therefore **REDUCES DEFENDANT'S BILL OF COSTS TO $200**.

**CONCLUSION**

For the foregoing reasons, plaintiff's objections to defendant's bill of costs are **OVERRULED IN PART**. Costs are taxed against plaintiff in the amount of $200.

**IT IS SO ORDERED.**

Dated: October 12, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE